UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUCRETIA SCOTT,

                          Plaintiff,

        v.

GENERAL MOTORS COMPONENTS
HOLDING LLC,

                          Defendant.
_____

DECISION & ORDER

22-CV-6280DGL

On June 23, 2022, *pro se* plaintiff Lucretia Scott commenced this action against the defendant pursuant to the Americans with Disability Act of 1990, 42 U.S.C. §§ 12112, *et seq*. and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. (Docket # 1). Currently pending before this Court are plaintiff's motions for the appointment of counsel. (Docket ## 12, 13).

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1.     Whether the indigent's claims seem likely to be of substance;

    2.     Whether the indigent is able to investigate the crucial facts concerning her claim;

      3.      Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

      4.      Whether the legal issues involved are complex; and

      5.      Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

      The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

      The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards stated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that the appointment of counsel is not warranted at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id*. Plaintiff has not done so at this stage. Moreover, although plaintiff maintains that the issues in this case have become difficult for her to manage *pro se*, the

legal issues in this case – employment discrimination, retaliation, and failure to accommodate – do not appear to be complex. Plaintiff has drafted a complaint and has filed three motions seeking relief from the Court (Docket ## 12, 13, 14), demonstrating her ability to seek court intervention when she believes it is warranted. Finally, plaintiff's case does not present any other special reasons justifying the assignment of counsel.

On this record, plaintiff's requests for the appointment of counsel **(Docket ## 12, 13)** are **DENIED without prejudice** at this time. It is plaintiff's responsibility to retain an attorney or continue with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

                                      *s/Marian W. Payson*
                                    MARIAN W. PAYSON
                                  United States Magistrate Judge

Dated: Rochester, New York
        November 28, 2022