UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUCRETIA SCOTT,

                                        Plaintiff,

            v.

GENERAL MOTORS COMPONENTS
HOLDING, LLC,

                                        Defendants.
_____

DECISION & ORDER

22-CV-6280DGL


            Plaintiff Lucretia Scott ("Scott") filed this action against defendant General

Motors Components Holding, LLC ("General Motors") asserting claims for discrimination,

harassment, and retaliation pursuant to Title VII of the Civil Rights of 1964 ("Title VII"), 42

U.S.C. §§ 2000e-17, and the Americans with Disabilities Act of 1990 ("ADA"), 29 U.S.C.

§§ 621-634.  (Docket # 1).  Currently pending before this Court is Scott's motion for leave to file

an amended complaint.  (Docket # 14).  Scott has provided a proposed amended complaint with

attached exhibits.[1]  (Docket ## 14, 14-1).  A review of the proposed amended complaint suggests

that Scott seeks to amplify the factual basis of her ADA claims.  (*Compare* Docket # 1 *with*

Docket # 14).  Scott continues to assert claims for harassment, retaliation, and failure to

accommodate her disability.  (*Id.* at ¶ 5).  Unlike her original complaint, however, Scott's

proposed amended complaint does not appear to assert any claims pursuant to Title VII.

Pursuant to this Court's local rules, Scott's proposed amended complaint, "must be a complete

---

[1]  The majority of these exhibits consist of plaintiff's medical records.  Accordingly, the Court will direct the Clerk's office to seal the exhibits.  *See Anthony M. v. Wright*, 2018 WL 5619832, *2 (W.D.N.Y. 2018) ("courts in this Circuit routinely seal medical records, without sealing the entire case, to protect the plaintiff's privacy interests in this records").

pleading superseding the original pleading in all respects."  W.D.N.Y. Loc. R. Civ. P. 15(a).

Also pending before the Court is Scott's motion for reconsideration of this Court's previous

Decision & Order denying her request for appointment of counsel.  (Docket # 19).


## I.      <u>MOTION TO AMEND</u>

On November 23, 2022, this Court issued a motion scheduling order requiring

defendant to respond to Scott's motion to amend by no later than December 14, 2022.  (Docket

# 15).  General Motors did not oppose the motion.  *See TCPIP Holding Co. v. Haar Commc'ns*

*Inc.*, 2004 WL 1620950, *4 (S.D.N.Y. 2004) (defendant's failure to respond to motion was

sufficient basis to grant motion by default); *Loew v. Kolb*, 2003 WL 22077454, *1 (S.D.N.Y.

2003) (same).

Rule 15(a) of the Federal Rules of Civil Procedure provides that once the time for

amending a pleading as of right has expired, a party may request leave of the court to amend,

which shall be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a).  If the

underlying facts or circumstances relied upon by the party seeking leave to amend may be a

proper subject of relief, the party should be afforded the opportunity to test the claim on its

merits.  *See United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*,

889 F.2d 1248, 1254 (2d Cir. 1989).  The decision whether to grant a motion to amend lies

within the sound discretion of the trial court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Thus,

the trial court may deny leave to amend "when the movant has unduly delayed in seeking leave,

when it is apparent that [he] is acting in bad faith or with dilatory motive, when the opposing

party will be unduly prejudiced if leave is granted or when the proposed amendment would be

futile." *Gavenda v. Orleans Cnty.*, 1996 WL 685740, *2 (W.D.N.Y. 1996) (citing *Foman v. Davis*, 371 U.S. at 182).

The record before the Court does not suggest any "prejudice, undue delay, bad faith, or futility that would compel the [c]ourt to deny [Scott's] motion to amend the complaint in this manner." *See Browning v. Ceva Freight, LLC*, 2011 WL 6329864, *1 (E.D.N.Y. 2011); *Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, 2011 WL 1142916, *2 (S.D.N.Y. 2011) ("[i]n light of this liberal [Rule 15] standard for granting leave to amend and the fact that this motion was timely filed pursuant to my scheduling order, the amendments to the [c]omplaint that are unopposed by the current defendants need not be discussed in detail [and are granted]"); *Esmilla v. Cosmopolitan Club*, 2011 WL 814007, *2 (S.D.N.Y. 2011) (granting plaintiff's unopposed motion to amend complaint to add new claims against existing defendant and to add additional factual allegations relating to claims); *Barbagallo v. Gen. Motors Corp.*, 1990 WL 100874, *3 (S.D.N.Y. 1990) ("[plaintiff's] motion to amend his complaint to add an additional claim . . . , to the extent that it is unopposed, is granted"). Accordingly, Scott's motion to amend is granted.


II.     **MOTION FOR APPOINTMENT OF COUNSEL**

Also pending before this Court is Scott's motion seeking reconsideration of my previous Decision & Order denying her requests for the appointment of counsel. (Docket ## 16, 19).

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g., Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22,

23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning her claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

4

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards stated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that the appointment of counsel is not warranted at this time. Scott maintains that reconsideration of my prior denial of her requests for appointment of counsel is warranted because the applicable factors favor the appointment of counsel in her case. (Docket # 19 at 3). She also contends that she is unfamiliar with Court procedures and is unable to retain an expert on her own. (*Id.* at 4). Although plaintiff maintains that the issues in this case have become difficult for her to manage *pro se*, the legal issues in this case – harassment, retaliation, and failure to accommodate – do not appear to be complex. Plaintiff has drafted a complaint and has filed four motions seeking relief from the Court (Docket ## 12, 13, 14, 19), demonstrating her ability to seek court intervention when she believes it is warranted. Plaintiff also maintains that she requires an attorney because she has been unsuccessful in obtaining discovery from General Motors. (Docket # 19 at 4). Plaintiff's discovery requests are addressed by the Court, below. To the extent plaintiff requires further assistance with her procedural questions, she should consider contacting the Pro Se Assistance Program at (585) 683-7707. Finally, plaintiff's case does not present any other special reasons justifying the assignment of counsel.

On this record, plaintiff's request for the appointment of counsel is denied without prejudice at this time. It is plaintiff's responsibility to retain an attorney or continue with this lawsuit *pro se*. 28 U.S.C. § 1654.

**III.**     **SCOTT'S DISCOVERY REQUESTS**

Attached to both of Scott's motions are identical demands for discovery from General Motors.  (Docket ## 14 at 10; 19 at 5).  General Motors is directed to respond to these requests in writing and produce any relevant information in its possession, custody, and/or control by no later than **April 19, 2023**.

## CONCLUSION

For the reasons discussed above, Scott's motion to amend **(Docket # 14)** is **GRANTED**.  The Clerk of the Court is directed to file the proposed amended complaint (Docket # 14) as the Amended Complaint and to file the exhibits to the amended complaint (Docket # 14-1) under seal.  Service of the Amended Complaint on General Motors shall be made by the Clerk's mailing of a copy of the Amended Complaint and its exhibits to General Motors' attorney of record.  Scott's request for the appointment of counsel **(Docket # 19)** is **DENIED without prejudice** at this time.  It is plaintiff's responsibility to retain an attorney or continue with this lawsuit *pro se*.  28 U.S.C. § 1654.  Finally, General Motors is directed to respond to Scott's discovery demands and produce any relevant information in its possession, custody, and/or control (Docket ## 14 at 10; 19 at 5) by no later than **April 19, 2023**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
        March 20, 2023

6