UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUCRETIA SCOTT,

                              Plaintiff,

                                                                         <u>DECISION AND ORDER</u>

                                                                          22-CV-6280DGL

           v.

GENERAL MOTORS COMPONENTS
HOLDING LLC, Labor Relations Department,

                              Defendant.
_____

       Plaintiff Lucretia Scott commenced this action *pro se* against General Motors Components Holding LLC, asserting claims under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112, *et seq.,* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*.  Plaintiff has been granted leave to proceed *in forma pauperis*.

       Currently pending before this Court are the parties' cross-motions for summary judgment, as well as plaintiff's motion for the appointment of counsel.  This Decision and Order addresses only the latter.

       The Second Circuit has laid out the factors that a court must consider in ruling upon a motion for appointment of counsel.  In deciding whether to grant such a motion, the court should first determine whether the plaintiff's claims seem likely to be of substance.  If so, the court should take into account the plaintiff's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the plaintiff's ability to present the case, the complexity of the legal issues, and any

special reason why appointment of counsel would be more likely to lead to a just determination. *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994); *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).

Having considered the relevant factors, the Court finds that appointment of counsel is not warranted at this time. Plaintiff has filed a response to defendant's summary judgment motion, and it is apparent from that response and from her own motion for summary judgment that she understands the issues and is able to respond in a meaningful way to defendant's arguments. At least until those motions are decided, I see no basis for appointment of counsel.

## CONCLUSION

Plaintiff's motion for appointment of counsel (Dkt. #55) is denied without prejudice. It is plaintiff's responsibility to retain an attorney or continue with this lawsuit *pro se*. 28 U.S.C. §1654.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 17, 2024.