UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUCRETIA SCOTT,

                            Plaintiff,

       v.

GENERAL MOTORS COMPONENTS
HOLDING, LLC, *Labor Relations Department*,

                            Defendant.
_____

DECISION & ORDER

22-CV-6280DGL

        Currently pending before the Court is a motion to compel filed by plaintiff Lucretia Scott. (Docket # 36). Scott seeks an order compelling defendant to produce several categories of documents, including: (1) employee files and reports relating to Scott; (2) medical records; (3) interdepartmental statements from "Sedgewick Doctors"; (4) Scott's grievances and related minutes; (5) information concerning Scott supplied by defendant to the Equal Employment Opportunity Commission; and, (6) information concerning Scott supplied by defendant to the union. (*Id.*).

        Defendant, General Motors Components Holdings, LLC ("General Motors"), opposes the motion, maintaining that it is untimely and that Scott failed to attempt to meet and confer in good faith prior to seeking Court intervention to resolve the issues raised by the motion. (Docket # 44). In addition, General Motors maintains that it has produced the relevant documents in its possession that are responsive to Scott's request. (*Id.*).

        Applicable rules of civil procedure require the parties to confer or attempt to confer in good faith to try to resolve discovery disputes without court intervention before filing a motion to compel. Fed. R. Civ. P. 37(a)(1). Specifically, Rule 37(a)(1) requires a party to file a

certification representing that, prior to filing the motion, the party "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* The absence of the required certification alone may justify denial of the motion to compel. *See, e.g., Rech v. Monroe Cnty.*, 2020 WL 5027545, *5 (W.D.N.Y. 2020) (denying motion to compel where moving papers did not contain certification required by Rule 37(a)(1)); *Daniels v. Murphy*, 2012 WL 5463072, *4 (D. Ct. 2012) ("plaintiff has not included a certification that he made an effort to resolve the dispute pertaining to his request for production of . . . [the] file prior to filing the motion . . . [and thus] has not satisfied Federal Rule 37(a)(1)[;] [a]ccordingly, the motion to compel is denied without prejudice"). Scott's filing does not contain the required certification or otherwise demonstrate that the mandated conferral took place.

In any event, General Motors is correct that the motion is untimely because Scott filed the motion on September 1, 2023, approximately three weeks after the deadline for motions to compel set in this Court's Scheduling Order. (Docket ## 33, 36). Further, General Motors has represented that they have produced, among other things, Scott's personnel file, disciplinary records, grievances, investigation reports and notes related to Scott; medical records, and worker's compensation records. (Docket # 44 at 3). Thus, according to General Motors, it is unclear what documents Scott seeks that have not already been produced. (*Id.*).

On this record, Scott's motion to compel **(Docket # 36)** is **DENIED**.

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                             United States Magistrate Judge

Dated: Rochester, New York
       September 25, 2024