UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUCRETIA SCOTT,

                            Plaintiff,

        v.

GENERAL MOTORS COMPONENTS
HOLDING, LLC,

                            Defendant.
_____

<u>DECISION & ORDER</u>

22-CV-6280DGL

        On September 25, 2024, I issued a decision on plaintiff Lucretia Scott's then-pending motion to compel in the above-captioned matter. (Docket # 58). On October 8, 2024, Scott filed a motion seeking reconsideration of my decision. (Docket # 59). As explained in my decision, I denied Scott's motion to compel on the grounds that it was untimely and because Scott had failed to demonstrate that she had conferred with defendant prior to filing the motion. (Docket # 58). In addition, I noted that defendant had represented that it had already produced several categories of documents that appeared responsive to Scott's requests and that it was unclear what documents Scott was seeking that had not already been produced. (*Id*.).

        "The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the [c]ourt." *Torres v. Carry*, 672 F. Supp. 2d 346, 348

(S.D.N.Y. 2009) (quotation omitted). Rather, the primary grounds for reconsideration are "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). If the moving party presents no legal authority or facts that the court failed to consider, then the motion to reconsider should be denied. *Shrader v. CSX Transp., Inc.*, 70 F.3d at 257 ("a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided").

Scott seeks reconsideration on the grounds that the Court previously has granted extensions to the defendant and because her failure to file the motion in a timely manner was due, in part, to her lack of legal experience and her status as a *pro se* litigant. (Docket # 59). In addition, Scott maintains that defendant should be required to supplement their production because she claims that defendant is continuing to engage in acts of harassment and retaliation. (*Id.*).

On this record, Scott has not demonstrated a basis for this Court to reconsider its previous decision. As an initial matter, Scott still has not demonstrated that she has attempted to confer with defendant's counsel in an attempt to resolve these issues prior to seeking Court intervention, as required by the applicable rules of civil procedure. *See* Fed. R. Civ. P. 37(a)(1). More importantly, as noted in my previous decision, defendant "has represented that they have produced, among other things, Scott's personnel file, disciplinary records, grievances, investigation reports and notes related to Scott, medical records, and worker's compensation records." (Docket # 58 at 2). It remains unclear what documents Scott is seeking that have not already been produced. Accordingly, I decline to reconsider my earlier decision.

For the reasons stated above, plaintiff's motion to reconsider my September 25, 2024 Decision & Order **(Docket # 59)** is **DENIED**.

**IT IS SO ORDERED.**

                                                  *s/Marian W. Payson*
                                            MARIAN W. PAYSON
                                        United States Magistrate Judge

Dated: Rochester, New York
         October 25, 2024